FARMERS UNION WAREHOUSE CO. *v.* STURDIVANT.

Opinion delivered February 19, 1917.

1. WAREHOUSES—DUTY OF WAREHOUSEMAN TO INSURE.—Act 273, page 983, Acts 1915, does not impose upon a warehouseman the duty to insure goods stored with him.

2. WAREHOUSES—INSURANCE OF STORED GOODS.—A warehouseman is obliged to insure goods stored with him, only when so directed by the owner, and the statute gives a lien in the warehouseman's favor only when the insurance is procured at the owner's request.

Appeal from Howard Circuit Court, *Jeff. T. Cowling*, Judge; affirmed.

*W. C. Rodgers*, for appellant.

1. The court erred in directing a verdict for defendant and in refusing the instructions for plaintiff. The liability of a warehouseman at common law is well settled—they are bound only to common and reasonable care. Story on Bailments, §§ 11, 144; 32 Ark. 224; 42 *Id.* 200; *Ib.* 204; 64 *Id.* 115; 52 *Id.* 26; 46 N. Y. S. 576; 1 Jones on Liens, § 967.

2. Act 273, Acts 1915, supplants the old law and changes the rights of both parties. This law forms part of the agreement. 73 Ark. 470; 75 *Id.* 435; 79 *Id.* 266; 80 *Id.* 108; 118 Ark. 558; 115 Ark. 113. Appellee was just as liable for insurance as he was for storage. The universal custom is to insure.

*W. P. Feazell*, for appellee.

Appellee was not liable for the insurance. 32 Ark. 224; 42 *Id.* 200; Acts 1915, Act 273; 10 Ark. 671; 4 *Id.* 251; 17 *Id.* 78. No authority was given to insure and it was not the custom of the warehouse unless authorized. The jury found for appellee. The facts are undisputed. The court properly directed a verdict for appellee.

McCulloch, C. J. Appellant was, during the cotton season of 1915-16, engaged in operating a public warehouse for the storage of cotton and other products at Mineral Springs, Howard county, Arkansas, and received from appellee 153 bales of cotton for storage. The cotton was placed in the warehouse during the period extending from September, 1915, the beginning of the cotton season, up to about the middle of February, 1916, and was removed from the warehouse in April, 1916. There was a charge for storage service and appellant, having caused the cotton to be insured against loss or damage from fire, presented a bill for the expense of procuring the insurance. Upon refusal by appellee to pay the account for insurance appellant instituted this action to recover the amount. The evidence adduced in the trial of the cause was undisputed, and the court directed a verdict in favor of appellee. Appellee gave no directions to appellant to insure the cotton and was not informed that the insurance had been procured until about the time the cotton was taken out of the warehouse.

The contention of appellant is that the statute enacted by the General Assembly of 1915 (Acts 1915, p. 983), entitled "An Act to Make Uniform the Law of Warehouse Receipts," imposes the duty upon public warehousemen of insuring property left on storage and gives a lien on the stored commodity for the amount of the premiums. Counsel rely on sections 21 and 27 of the Act, which read as follows:

"Section 21. A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care.

"Section 27. Subject to the provisions of section 30, a warehouseman shall have a lien on goods deposited or on the proceeds thereof in his hands, for all lawful

charges for storage, and preservation of the goods; also for all lawful claims for money advanced, interest, insurance, transportation, labor, weighing, coopering and other charges and expenses in relation to such goods, also for all reasonable charges and expenses for notice, and advertisements of sale, and for sale of the goods where default has been made in satisfying the warehouseman's lien."

We do not deem it necessary to enter into any discussion concerning the extent to which the Legislature may go in imposing a duty upon warehousemen to insure the property of their customers, for we are of the opinion that the statute in question imposes no duty whatever in that respect. Section 21 merely imposes upon the warehouseman the duty to exercise such care in regard to the property stored "as a reasonably careful owner of similar goods would exercise," which does not require the warehousemen to enter into a contract of insurance. That matter is left to the preference of the owner, or perhaps to whatever custom may become established with reference to such transactions at the particular place. The section of the statute which gives a lien was merely intended to be for the protection of a warehouseman where he has procured insurance upon authority from the owner, and puts the expense of the matter upon the same standing as the charge for storage. The evidence in the case shows that there was no authority given, either express or implied, for the procurement of the insurance. No such custom was proved which would be sufficient to charge the owner of the cotton with notice that the commodity stored would be insured pursuant to custom.

We are of the opinion, therefore, that the court was correct in holding that according to the undisputed evidence there was no liability on the part of appellee for the expense of the insurance.

Judgment affirmed.